# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ERIC GRAY, | Case No.: 2:10-cv-01240-GMN-LRL |
| Plaintiff, | **ORDER** |
| vs. | |
| RECEIVABLES PERFORMANCE MANAGEMENT, | |
| Defendant. | |

## INTRODUCTION

Before the Court is Plaintiff Eric Gray's Motion to Dismiss Defendant's Counterclaim (ECF No. 13). Defendant Receivables Performance Management filed a Response on November 19, 2010 (ECF No. 14) and Plaintiff filed a Reply on December 7, 2010 (ECF No. 17).

Also before the Court is Defendant's Motion to Strike (ECF No. 19), Plaintiff's Motion to Withdraw (ECF No. 20) and Plaintiff's Motion for Leave to File Supplemental Authority (ECF No. 21).

## FACTS AND BACKGROUND

This suit arises out of an alleged violation of the Fair Debt Collection Practices Act (FDCPA). (*See* Complaint, ECF No. 1). Plaintiff alleges that Defendant called his home multiple times demanding payment for an alleged consumer debt. (*Id.*). Plaintiff denies owing the alleged debt. (*Id.*). Plaintiff filed the instant suit on July 23, 2010. (*Id.*).

Defendant filed an Answer (ECF No. 9) to Plaintiff's Complaint (ECF No. 1) in which it denied Plaintiff's allegations and asserted a counterclaim for abuse of process. Defendant alleges that Plaintiff did not bring the suit to redress an injury but was a strategy to intimidate

and coerce Defendant to enter into a settlement in order to avoid costly litigation.

## DISCUSSION

### A.     Supplemental Brief

After the parties fully briefed Plaintiff's Motion to Dismiss (ECF No. 13), Plaintiff filed a Supplemental Brief on January 24, 2011.  (ECF No. 18).  Defendant soon thereafter filed a Motion to Strike Plaintiff's Supplemental Brief because the rules of procedure do not allow for such a filing without first requesting leave from the court.  In light of Defendant's Motion to Strike Plaintiff filed a Motion to Withdraw the Supplemental Brief.  Accordingly, the Court GRANTS Plaintiff's Motion to Withdraw (ECF No. 20) and DENIES Defendant's Motion to Strike (ECF No. 19) as moot.

Subsequently, Plaintiff filed a Motion for Leave to file Supplemental Authority pursuant to Fed. R. Civ. P. 15(d). (ECF No. 21).  Rule 15(d) governs supplemental pleadings and states:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.  The court may permit supplementation even though the original pleading is defective in stating a claim or defense.  The court may order that the opposing party plead to the supplemental pleading within a specified time.

Plaintiff has not filed a supplemental pleading, but instead has filed a brief on a case from the Northern District of Texas that supports his position in this case.  Plaintiff has no grounds under Rule 15(d) to file this supplemental authority and accordingly the Court DENIES the motion.

### B.     Motion to Dismiss

Plaintiff argues that Defendant's Counterclaim should be dismissed because (1) Plaintiff fails to state a claim upon which relief may be granted; (2) the Court lacks subject matter

jurisdiction over the Counterclaim; and (3) the Counterclaim is preempted by the FDCPA.[1]

### 1. Failure to State a Claim

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 127 S.Ct. 1955, 1964 (2007). However, facts must be sufficient to edge a complaint from the conceivable to the plausible in order to state a claim. *Id.* In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

The Supreme Court recently clarified that, in order to avoid a motion to dismiss, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ---- U.S. ----, 129 S.Ct. 1937, 1949 (2009). The Court in Ashcroft further stated "[w]here a complaint pleads

---

[1] Plaintiff argues that subject matter jurisdiction is lacking and that the counterclaim is preempted by the FCDPA in his Reply. New arguments in the Reply are not considered by the Court.

facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.*  Therefore, merely making an allegation is not enough to survive a motion to dismiss; facts that a particular defendant may plausibly be liable for the alleged conduct must be pled.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Fed. R. Evid. 201, a court may take judicial notice of "matters of public record." *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

Plaintiff does not specifically address whether Defendant failed to state a claim under Fed. R. Civ. P. 12(b)(6) but rather argues that the proper course of action for Defendant to seek a remedy from Plaintiff is by (1) asking for sanctions under Fed. R. Civ. P. 11, (2) asking for sanctions against Plaintiff's attorneys under 28 U.S.C. § 1927 or (3) requesting an award of reasonable attorney's fees and costs under section 1692k(a)(3) of the FDCPA. Notwithstanding Plaintiff's arguments, the Court however finds that Defendant has failed to factually state a claim for abuse of process in its counterclaim.

Under Nevada law, to establish a claim for abuse of process the plaintiff must show:

(1) defendant had an ulterior purpose other than resolving a legal dispute; and (2) defendant's willful act in using the process was not proper in the regular conduct of the proceeding. *Karony v. Dollar Loan Center, LLC*, No. 2:10-cv-00804-RLH-RJJ, 2010 WL 5186065, at *5 (D.Nev. Dec. 15, 2010)(citing *LaMantia v. Redisi,* 38 P.3d 877, 879 (Nev.2002)).  The mere filing of a complaint with malicious intent does not satisfy the second element under Nevada law. *Id.* (citing *Laxalt v. McClatchy,* 622 F.Supp. 737, 752 (D.Nev.1985)).  "Instead, claimants must include some allegation of abusive measures taken *after* the filing of the complaint in order to state a claim." *Id.*  Plaintiff does not allege any facts occurring subsequent to the filing of the lawsuit in support of the second element to this claim.  Accordingly, Plaintiff alleges insufficient facts to support a claim for abuse of process and the Court dismisses this claim.

If however, the facts of the case change and Defendant can amend his counterclaim to state an abuse of process claim, it will be allowed to do so.

## **CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff Eric Gray's Motion to Dismiss Defendant's Counterclaim (ECF No. 13) is **GRANTED**.

Defendant Receivables Performance Management's Counterclaim is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Withdraw (ECF No. 20) is **GRANTED** and Defendant's Motion to Strike (ECF No. 19) is **DENIED as moot**.

**IT IS FURTHER ORDERED** Plaintiff's Motion for Leave to File Supplemental Authority (ECF No. 21) is **DENIED**.

**DATED** this 13th day of June, 2011.

_____
Gloria M. Navarro
United States District Judge